*In re* Blodgett.

# COURT OF APPEALS.

IN RE ASSESSMENT UPON PROPERTY OF WILLIAM T. BLODGETT AND OTHERS FOR LEWIS STREET IN THE CITY OF NEW YORK.

*Assessments for sewers in city of New York, when void.*

By the act of April 12, 1865 (*Laws of* 1865), the construction of any sewer or drain in the city of New York is absolutely prohibited, unless such sewer or drain shall be in accordance with a general plan devised by the Croton board for the sewerage of the particular district in which such sewer or drain is proposed to be constructed.

An assessment for a sewer contracted for before such a general plan has been devised, is void.

*It seems*, that the provisions of section 4 of the act as to the filing of the copies of maps and plans in the different offices designated by that section, has been held to be directory only (*See Matter of The N. Y. Prot. E. Public School*, 47 *N. Y.*, 556).

*October Term*, 1870.

GROVER, *J.* — By section 1, chapter 381, Laws of 1865, power is given to the Croton board of the city of New York to devise a plan of sewerage and drainage of the city.    Section 2 required the board to lay out the city into as many sewerage districts as they deem necessary, and to determine and show, on suitable maps or plans, the location, course, size, and grade of each sewer and drain proposed for each of said districts, and also to show on the maps or plans the contemplated depth of the sewers and drains below the surface and established grades of the streets.

Section 4 provides that, upon the completion of the maps and plans, they shall be the permanent plans for the sewerage

*In re* Blodgett.

of such district, subject to such alterations as may become necessary in consequence of alterations made in the grade of the streets, or otherwise, and that copies of such maps and plans shall be filed by the board in the offices of the common council, the comptroller, street commissioner, and city inspector.

Section 5 authorizes the board, upon the completion of the plans of sewerage of any district, and the filing of copies thereof as required by the preceding section, to invite proposals, and to contract for the whole, or any part of the work, in the district. The subsequent sections of the act provide, among other things, for reimbursing the city for the expense of the construction of the sewers and drains by assessing the same upon the property benefited thereby.

From the preceding sections it is manifest that before the board is authorized to contract for the performance of any work, it must devise a plan for the sewerage and drainage of the district. This requires deliberation, and the exercise of judgment by the board. This is important to the owner of property liable to assessment, as the expense to be incurred will be materially affected by the plan adopted. This was not done in the present case. The plan formed and map made by the engineer, who was also a member of the board, was not a compliance with the act in this respect. The other members of the board should have deliberated with him, and the district was entitled to the exercise of the judgment of the board after such deliberation had. It does not appear in the present case that any thing of this kind was done by the board until after the work for which the assessment was made was contracted for and performed, but rather, the contrary. Advertising for proposals for doing the work, pursuant to the plan prepared by a single member, cannot be regarded as the devising of such plan by the board.

There was an entire absence of deliberation and exercise of judgment by the board. When a statute confers power upon a board or officer to take the property of another, or create a

*In re* Blodgett.

charge thereon, all the substantial requirements of the statute must be strictly complied with (*Sharp* agt. *Spier*, 4 *Hill*, '76).

This was not done in the present case. It is unnecessary to consider whether the filing of the copies, as required by the act, is not also essential to the power of the board to incur the expenditure in performing the work and make the same chargeable upon the land to be benefited.

The act of 1858 (*chap.* 338), was intended to provide an expeditious mode for determining the validity of assessments for local improvements in the city of New York, and for canceling the same when invalid either for fraud or illegal irregularity.

In the present case no fraud was alleged or proved, but there was legal irregularity in making the expenditure before the devising of the plan by the board, as required by the statute.

While we may regret the necessity of casting upon the municipality this expenditure, which the statute designed should be paid by the property benefited thereby, the law will not permit us to do otherwise.

The order of the general term, affirming that of the special term canceling the assessment, must be affirmed, with costs.

NOTE.—The foregoing opinion, although rendered some time since, not having been reported but now and then cited (*see* 46 *N. Y.*, 180; 47 *N. Y.*, 566, *and* 8 *Hun*, 459), seems to be of sufficient importance to the profession on the question of assessments for sewers in the city of New York to warrant us in giving it place.—[REP.